## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

JOYEL BURROWES, as Mother and )
Next Friend of M.B., a minor, )
         )
         Plaintiff, )
         )
vs. )
         ) Civil Action No. _____
ALABAMA DEPARTMENT OF )
YOUTH SERVICES; MONTGOMERY )
COUNTY JUVENILE DETENTION )
FACILITY; MONTGOMERY COUNTY )
COMMISSION; LABRADFORD )
JAMELL ARMISTAD, individually )
and in his official capacity as a detention )
officer ; SCOTT HOLMES, individually )
and in his official capacity as Facility )
Director; )
         )
         )
         Defendants. )

---

## COMPLAINT

**COMES NOW** the Plaintiff, Joyel Burrowes, as Mother and Next Friend of M.B., a minor, ("Plaintiff") and for her complaint against the Defendants, Alabama Department of Youth Services, Montgomery County Juvenile Detention Facility, Montgomery County Commission, LaBradford Jamell Armistad, and Scott Holmes states as follows:

## <u>JURISDICTION AND VENUE</u>

1.    This is an action for damages and attorneys fees arising under 42 U.S.C. §§1983 and 1988, and damages arising under the laws of the state of

1

Alabama.

2.    This Court has original jurisdiction of this action and the parties pursuant to 42 U.S.C. §§1983 and 1988; the U.S. Constitution; the provisions in 28 U.S.C. §§ 1331, et seq.; and the ancillary jurisdiction of this Court is pursuant to 29 U.S.C. § 1367 for all state law claims.  Such claims arise from a common nucleus of operative fact with violation(s) of 42 U.S.C. § 1983 as set forth above.

3.    Venue is proper pursuant to 28 U.S.C. § 1391.

4.    The acts, omissions and practices described in this Complaint occurred within the jurisdiction of the United States District Court in and for the Southern District of Alabama.

5.    Plaintiff, Joyel Burrowes, as mother and next friend of M.B., a minor, seeks compensatory damages, punitive damages (where identified below), costs and expenses, and reasonable attorneys' fees pursuant to 42 U.S.C. §1983, more specifically described below.  Fee entitlement is alleged pursuant to 42 U.S.C. §1988.

6.    At all times material hereto, the acts, omission, practices and other conduct of each defendant were committed under the color of state local law.

7.    At all times material hereto, the acts and omissions of the Defendant were committed by agents, employees and actors of the Alabama Department of

Youth Services, the Montgomery County Juvenile Detention Facility, the Montgomery County Commission and within the course and scope of their employment as youth detention officer and facility director.

8.     At all times material hereto, Plaintiff has complied with all conditions precedent to bringing this action, including, but not limited to, compliance with Alabama Code § 11-47-192.

## **PARTIES**

9.     The Plaintiff, Joyel Burrowes, is an adult resident and citizen of Montgomery County, Alabama.  Plaintiff, Joyel Burrowes, is the mother and next friend of M.B, a minor.   At all relevant times, M.B. was a resident at the Montgomery County Juvenile Detention Facility.

10.     The Defendant, Alabama Department of Youth Services, is an entity formed in Alabama.  They are the state agency charged with the responsibility for administering and regulating juvenile justice programs and services.  The Alabama Department of Youth Services licenses the Montgomery County Juvenile Detention Facility.   At all times material hereto, this Defendant employed individuals (namely youth detention officers and facility directors) who are "persons" subject to legal action under 42 U.S.C. § 1983.

11.     The Defendant, Montgomery County Juvenile Detention Facility, is

3

a detention facility located at 1111 Airbase Blvd, Montgomery, Alabama to house children who are under the jurisdiction of the juvenile court.  At all times material hereto, this Defendant employed individuals (namely youth detention officers and facility directors) who are "persons" subject to legal action under 42 U.S.C. § 1983.

12.    The Defendant,  Montgomery County Commission is an entity organized in Montgomery County, Alabama.  They operate the Montgomery County Juvenile Detention Facility, located at 1111 Airbase Boulevard, Montgomery, Alabama.  At all times material hereto, this Defendant employed individuals (namely youth detention officers and facility directors) who are "persons" subject to legal action under 42 U.S.C. § 1983.

13.    The Defendant, LaBradford Jamell Armistad, is an adult resident citizen of Montgomery County, Alabama.  He is currently incarcerated at the Montgomery County Jail being held on 7 counts of first-degree Sodomy.  At the time of the incident made the basis of this suit, Defendant Armistad was working as a youth detention officer at the Montgomery County Juvenile Detention Facility.  At all times material hereto, Defendant Armistad, was a "person" subject to legal action under 42 U.S.C. § 1983.

14.    The Defendant, Scott Holmes, is an employee of the Montgomery

4

County Sheriffs Office. He is the Facility Director for the Montgomery County Juvenile Detention Facility. At all times material hereto, Defendant Holmes, was a "person" subject to legal action under 42 U.S.C. § 1983.

15.    At all times material hereto, Defendant Alabama Department of Youth Services, through its agents and employees, including other named and unknown individual defendants, was responsible for the proper and efficient enforcement of the laws, regulations, policies, practices and procedures of the State of Alabama and the Constitution of the United States of America.

16.    At all times material hereto, Defendant Montgomery County Juvenile Detention Facility, through its agents and employees, including other named and unknown individual defendants, was responsible for the proper and efficient enforcement of the laws, regulations, policies, practices and procedures of the State of Alabama and the Constitution of the United States of America.

17.    At all times material hereto, Defendant Montgomery County Commission, through its agents and employees, including other named and unknown individual defendants, was responsible for the proper and efficient enforcement of the laws, regulations, policies, practices and procedures of the State of Alabama and the Constitution of the United States of America.

18.    At all times material hereto, Defendant Holmes, through his agents

and employees, including other named and unknown individual defendants, was responsible for the proper and efficient enforcement of the laws, regulations, policies, practices and procedures of the State of Alabama and the Constitution of the United States of America.

## FACTUAL BACKGROUND

19.    Between October 15, 2024 and November 25, 2024, the minor Plaintiff, M.B., was a resident of the Montgomery County Juvenile Detention Facility.  Defendant Armistad was a youth detention officer who worked the 6 p.m. to 6 a.m. shift during this time frame.  The fundamental reason this position exists is to monitor and care for the needs of detainees in secure custody at the Montgomery County Youth Facility. The Montgomery County Youth Facility is a controlled security facility. The work responsibilities of the position include, but are not limited to, monitors detainees in all daily activities, events, school and their assigned duties; oversees detainees in performing daily housekeeping duties; documents all daily activities and movements of detainees; processes new detainees for detention; and contributes to department objectives. Employees receive direct supervision from the shift supervisor, and general supervision from a Compliance Officer, the Assistant Detention Director, or the Detention Director.

20.    During his shift, Defendant Armistad would provide minor Plaintiff,

M.B., with drugs that would, at times, render him unconscious.  The cell in which the minor Plaintiff was housed had a defective locking mechanism as well as an inoperable electronic operating system.

21.    The proper operation of locks within a juvenile detention facility is fundamental to ensuring the safety and security of both staff and detained individuals. Functional locks are necessary to maintain order, prevent unauthorized movement, and protect against potential harm. The reliability of these security measures is integral not only to staff safety, but also to the safeguarding of the juveniles in custody, thereby upholding the facility's responsibility to provide a secure and controlled environment.

22.    According to the U.S. Department of Justice, Special Report, Substantiated Incidents of Sexual Victimization Reported by Juvenile Justice Authorities, 2013-2018, (March 2023)[1] there were 657 victims and 511 perpetrators of staff-on-youth sexual victimization in juvenile justice facilities. This data was collected from the Survey of Sexual Victimizations which are mandated under the Prison Rape Elimination Act of 2003.  Further, 1 in 5 incidents of staff sexual misconduct occurred in the victim's cell or room with 43% of these incidents occurring from 6 p.m. to midnight.

---

[1] https://bjs.ojp.gov/library/publications/substantiated-incidents-sexual-victimization-reported-juvenile-justice

23.     Upon information and belief, Defendants, the Alabama Department of Youth Services, the Montgomery County Juvenile Detention Facility and the Montgomery County Commission were aware that the locking mechanism and the electronic operating system of the facility where the minor Plaintiff was being held was defective and/or inoperable.

24.     These Defendants failed and/or refused to repair the defective locking mechanism and the electronic operating system.  Further, these Defendants should have discovered the defective and/or inoperable locking mechanism and electronic operating system with facility inspections and proper maintenance.

25.     This failure and/or refusal to repair the defective locking mechanism and the electronic operating system by the Alabama Department of Youth Services, the Montgomery County Juvenile Detention Facility and the Montgomery County Commission allowed Defendant Armistad to enter the cell of the minor Plaintiff undetected.

26.     Between October 15, 2024 and November 25, 2024, Defendant Armistad entered the cell of the minor Plaintiff, M.B., where the Defendant sodomized and performed oral sex on M.B on multiple occasions.

27.     At all times relevant to the acts of sexual abuse against M.B., LaBradford Jamell Armistad was employed with the Montgomery County

Juvenile Detention Facility, the Montgomery County Commission and / or the Alabama Department of Youth Services.

28.    At all times relevant to the acts of sexual abuse, M.B.'s wellbeing had been entrusted to the Montgomery County Juvenile Detention Facility, the Montgomery County Commission, the Alabama Department of Youth Services, Youth Detention Officer LaBradford Jamell Armistad, and Facility Director Scott Holmes.

**COUNT I**
**Civil Rights Violation Under 42 U.S.C. §1983**
**Alabama Department of Youth Services**

29.    At all times material hereto, Defendant had a legal duty to provide the minor Plaintiff, M.B., with a reasonably safe and secure environment and to keep him safe and free from sexual violence while he was resident at one of its youth facilities.

30.    The Alabama Department of Youth Services, by and through the actions of its agents, breached this duty by acting negligently, carelessly and/or unskillfully in the protection of M.B. from foreseeable harm, including sexual assault and by failing to provide a reasonably safe and secure environment for

individuals in its custody.

31.    At all times material hereto, Defendant, through its agents and employees, were aware that the locking mechanism and the electronic operating system was defective and/or inoperable.  These Defendants failed and/or refused to repair the defective locking mechanism and the electronic operating system.  Further, these Defendants should have discovered the defective and/or inoperable locking mechanism and electronic operating system with facility inspections and proper maintenance.  The Alabama Department of Youth Services, by and through the actions of its agents acted negligently, carelessly and/or unskillfully in the protection of M.B. from foreseeable harm, including sexual assault and failed to provide a reasonably safe and secure environment for individuals in its custody.

32.    Further Plaintiff alleges that the failure to protect M.B. from foreseeable harm, including sexual assault and failure to provide a reasonably safe and secure environment for individuals in its custody was in violation of M.B.'s rights under the Fourth Amendment of the United States Constitution to be free from unreasonable arrest, his rights under the Eighth Amendment of the United States Constitution to be free from the infliction of cruel and unusual punishment and his right under the Fourteenth Amendment of the United States Constitution to due process of law.  Plaintiff M.B.'s detention was made under the color of the

authority of Defendant as a youth detention facility.  The failure to provide a reasonably safe and secure environment for individuals in custody was deliberately indifferent to the health, safety and welfare of the minor Plaintiff.

33.    Plaintiff further alleges that the violation of minor Plaintiff, M.B.'s constitutional rights was caused by the failure to provide a reasonably safe and secure environment for individuals in custody.

34.    As a direct, proximate and foreseeable result of the acts and omissions of the Defendant, by and through the conduct of its agents and employees, minor Plaintiff M.B., was sexually abused and suffered severe mental and physical injuries.

WHEREFORE, Plaintiff Joyel Burrowes, as mother and next friend of M.B., a minor, prays this Court grant the following relief on her civil rights claim brought pursuant to 42 U.S.C. §§ 1983 and 1988 against the Alabama Department of Youth Services:

(i)    Judgment for compensatory damages against each Defendant;

(ii)    Judgment for punitive damages against each Defendant;

(iii)    Judgment for attorneys' fees pursuant to 42 U.S.C. §§ 1988, together with the costs and expenses of this civil rights action against each Defendant;

(iv)    Judgment for pre-judgment interest on all economic losses and on

attorneys' fees for delay in payment, against each such Defendant;

(v)    A trial by jury on all issues so triable; and

(vi)    Such other and further relief that this court may deem just, proper and

appropriate against each Defendant.

## COUNT II
## Civil Rights Violation Under 42 U.S.C. §1983
## Montgomery County Juvenile Detention Facility

35.    At all times material hereto, Defendant had a legal duty to provide the minor Plaintiff, M.B., with a reasonably safe and secure environment and to keep him safe and free from sexual violence while he was resident at one of its youth facilities.

36.    The Montgomery County Juvenile Detention Facility, by and through the actions of its agents, breached this duty by acting negligently, carelessly and/or unskillfully in the protection of M.B. from foreseeable harm, including sexual assault, by failing to provide a reasonably safe and secure environment for individuals in its custody.

37.    At all times material hereto, Defendant, through its agents and employees, were aware that the locking mechanism and the electronic operating system was defective and/or inoperable. These Defendants failed and/or refused to

12

repair the defective locking mechanism and the electronic operating system. Further, these Defendants should have discovered the defective and/or inoperable locking mechanism and electronic operating system with facility inspections and proper maintenance. The Montgomery County Juvenile Detention Facility, by and through the actions of its agents acted negligently, carelessly and/or unskillfully in the protection of M.B. from foreseeable harm, including sexual assault and failed to provide a reasonably safe and secure environment for individuals in its custody.

38.    Further Plaintiff alleges that the failure to protect M.B. from foreseeable harm, including sexual assault and failure to provide a reasonably safe and secure environment for individuals in its custody was in violation of M.B.'s rights under the Fourth Amendment of the United States Constitution to be free from unreasonable arrest and his right under the Fourteenth Amendment of the United States Constitution to due process of law. Plaintiff M.B.'s detention was made under the color of the authority of Defendant as a youth detention facility. The failure to provide a reasonably safe and secure environment for individuals in custody was deliberately indifferent to the health, safety and welfare of the minor Plaintiff.

39.    Plaintiff further alleges that the violation of minor Plaintiff, M.B.'s constitutional rights was caused by the failure to provide a reasonably safe and

secure environment for individuals in custody.

40.    As a direct, proximate and foreseeable result of the acts and omissions of the Defendant, by and through the conduct of its agents and employees, minor Plaintiff M.B., was sexually abused and suffered severe mental and physical injuries.

WHEREFORE, Plaintiff Joyel Burrowes, as mother and next friend of M.B., a minor, prays this Court grant the following relief on her civil rights claim brought pursuant to 42 U.S.C. §§ 1983 and 1988 against the Montgomery County Juvenile Detention Facility:

(i)      Judgment for compensatory damages against each Defendant;

(ii)     Judgment for punitive damages against each Defendant;

(iii)    Judgment for attorneys' fees pursuant to 42 U.S.C. §§ 1988, together with the costs and expenses of this civil rights action against each Defendant;

(iv)     Judgment for pre-judgment interest on all economic losses and on attorneys' fees for delay in payment, against each such Defendant;

(v)      A trial by jury on all issues so triable; and

(vi)     Such other and further relief that this court may deem just, proper and appropriate against each Defendant.

**COUNT III**
**Civil Rights Violation Under 42 U.S.C. §1983**
**Montgomery County Commission**

41.    At all times material hereto, Defendant had a legal duty to provide the minor Plaintiff, M.B., with a reasonably safe and secure environment and to keep him safe and free from sexual violence while he was resident at one of its youth facilities.

42.    The Montgomery County Commission, by and through the actions of its agents, breached this duty by acting negligently, carelessly and/or unskillfully in the protection of M.B. from foreseeable harm, including sexual assault, by failing to provide a reasonably safe and secure environment for individuals in its custody.

43.    At all times material hereto, Defendant, through its agents and employees, were aware that the locking mechanism and the electronic operating system was defective and/or inoperable.  These Defendants failed and/or refused to repair the defective locking mechanism and the electronic operating system.  Further, these Defendants should have discovered the defective and/or inoperable locking mechanism and electronic operating system with facility inspections and proper maintenance.  The Montgomery County Commission, by and through the actions of its agents acted negligently, carelessly and/or unskillfully in the protection of M.B. from foreseeable harm, including sexual assault and failed to

provide a reasonably safe and secure environment for individuals in its custody.

44.     Further Plaintiff alleges that the failure to protect M.B. from foreseeable harm, including sexual assault and failure to provide a reasonably safe and secure environment for individuals in its custody was in violation of M.B.'s rights under the Fourth Amendment of the United States Constitution to be free from unreasonable arrest and his right under the Fourteenth Amendment of the United States Constitution to due process of law. Plaintiff M.B.'s detention was made under the color of the authority of Defendant as a youth detention facility. The failure to provide a reasonably safe and secure environment for individuals in custody was deliberately indifferent to the health, safety and welfare of the minor Plaintiff.

45.     Plaintiff further alleges that the violation of minor Plaintiff, M.B.'s constitutional rights was caused by the failure to provide a reasonably safe and secure environment for individuals in custody.

46.     As a direct, proximate and foreseeable result of the acts and omissions of the Defendant, by and through the conduct of its agents and employees, minor Plaintiff M.B., was sexually abused and suffered severe mental and physical injuries.

WHEREFORE, Plaintiff Joyel Burrowes, as mother and next friend of M.B.,

a minor, prays this Court grant the following relief on her civil rights claim brought pursuant to 42 U.S.C. §§ 1983 and 1988 against the Montgomery County Commission:

(i)    Judgment for compensatory damages against each Defendant;

(ii)    Judgment for punitive damages against each Defendant;

(iii)    Judgment for attorneys' fees pursuant to 42 U.S.C. §§ 1988, together with the costs and expenses of this civil rights action against each Defendant;

(iv)    Judgment for pre-judgment interest on all economic losses and on attorneys' fees for delay in payment, against each such Defendant;

(v)    A trial by jury on all issues so triable; and

(vi)    Such other and further relief that this court may deem just, proper and appropriate against each Defendant.

### COUNT IV
### Civil Rights Violation Under 42 U.S.C. §1983
### Individual and Official Capacity Claim – LaBradford Jamell Armistad

47.    At all times material hereto, Defendant Armistad had a legal duty to follow and abide by the policies and procedures established by the Alabama Department of Youth Services, Mongomery County Juvenile Detention Facility and the Montgomery County Commission.  Defendant Armistad, as a youth

detention officer at the Montgomery County Juvenile Detention Facility, had a legal duty to not only care for the residents in his custody but also to refrain from providing them with illicit drugs and sexually abusing them.

48.    Defendant Armistad is legally liable for the deliberate indifference with respect to providing drugs and the acts of sexual abuse that he perpetrated against the minor Plaintiff M.B.

49.    As a direct, proximate and foreseeable result of the acts and omissions of Defendant Armistad, individually, the minor Plaintiff M.B. was sexually abused and suffered severe mental and physical injuries.

WHEREFORE, Plaintiff Joyel Burrowes, as mother and next friend of M.B., prays this Court grant the following relief on her civil rights claims brought pursuant to 42 U.S.C. §§ 1983 and 1988 against Defendant Armistad:

(i)    Judgment for compensatory damages against each Defendant;

(ii)    Judgment for punitive damages against each Defendant;

(iii)   Judgment for attorneys' fees pursuant to 42  U.S.C. § 1988, together with the costs and expenses of this civil rights action, against each Defendant;

(iv)   Judgment for pre-judgment interest on all economic losses and on attorney's fees for delay in payment, against each such Defendant;

(v)    A trial by jury on all issues so triable; and

(vi)   Such other and further relief that this Court may deem just, proper and appropriate against each Defendant.

## COUNT IV
### Civil Rights Violation Under 42 U.S.C. §1983
### Individual and Official Capacity Claim – Scott Holmes

50.    At all times material hereto, Defendant Holmes had a legal duty to adopt and implement rules and procedures to ensure that his youth detention officers appropriately followed supervision and safety protocols, security procedures, and other protocols and procedures to keep the youth facility residents safe and free from sexual abuse.  Further, Defendant Holmes had a legal duty to ensure proper functioning of the locking mechanism and the electronic operating system at its facility.

51.    Defendant Holmes breached these duties by failing and/or refusing to repair the defective locking mechanism and the electronic operating system. Defendant Holmes should have discovered the defective and/or inoperable locking mechanism and electronic operating system with facility inspections and proper maintenance.  Defendant Holmes, by and through the actions of his agents acted negligently, carelessly and/or unskillfully in the protection of M.B. from foreseeable harm, including sexual assault and failed to provide a reasonably safe and secure environment for individuals in his custody.

52. Defendant Holmes' failure to adopt and implement adequate policies and follow proper facility inspections and maintenance schedules under the relevant circumstances and his conscious ignorance of his legal duties and responsibilities under the law as a matter of custom and practice, constitutes deliberate indifference to the known, serious consequences of sexual abuse.

53. Defendant Holmes is legally liable for the deliberate indifference of his youth detention guards with respect to the sexual abuse perpetrated against the minor Plaintiff M.B.

54. At all times material hereto, Defendant Holmes knew or reasonably should have known that his failure to establish a custom, policy or practice as to proper facility inspections and maintenance of the facility's cell electronic operating systems and locking mechanisms would fall short of his duty to provide individuals in his custody with a reasonably safe and secure environment and would expose those inmates them to the foreseeable harms of such failure, including sexual abuse. This failure allowed a sexual predator unfettered access to the minor Plaintiff M.B.

55. As a direct and proximate and foreseeable result of Defendant Holmes' failure to establish a custom, policy or practice as to proper facility inspections and maintenance the minor Plaintiff, M.B., was drugged and sexually

20

abused repeatedly by a youth detention guard.

56.    Defendant Holmes further acted with deliberate indifference in causing the aforesaid constitutional violation by the youth detention guards as follows:

a.    Defendant Holmes failed to adequately train and educate personnel at the facilities he oversees in the prevention of sexual abuse of residents in their care by youth detention guards.

b.    Defendant Holmes failed to adequately train and educate personnel in the facilities he oversees in the trafficking of illicit drugs within those facilities by youth detention guards.

c.    Defendant Holmes failed to repair and or properly maintain the locking mechanisms and the electronic operating system to the resident cells in order to prevent unauthorized entry by a sexual predator in deliberate indifference and reckless disregard to the health, safety and welfare of minors detained at the youth detention facility.

d.    Defendant Holmes failed to adequately train, educate and supervise the youth detention guards charged with the supervision and safety of the facility residents thereby creating an atmosphere of illegal and unconstitutional behavior with respect to the use of force in situations such as the incident made the

basis of this complaint, in deliberate indifference and reckless disregard to the health, safety and welfare of minors housed at the juvenile detention facility.

57.    As a direct, proximate and foreseeable result of the acts and omissions of Defendant Holmes, individually, officially and by and through the conduct of agents and employees, the minor Plaintiff M.B. was sexually abused and suffered severe mental and physical injuries.

WHEREFORE, Plaintiff Joyel Burrowes, as mother and next friend of M.B., prays this Court grant the following relief on her civil rights claims brought pursuant to 42 U.S.C. §§ 1983 and 1988 against Defendant Holmes:

(i)    Judgment for compensatory damages against each Defendant;

(ii)    Judgment for punitive damages against each Defendant;

(iii)   Judgment for attorneys' fees pursuant to 42  U.S.C. § 1988, together with the costs and expenses of this civil rights action, against each Defendant;

(iv)   Judgment for pre-judgment interest on all economic losses and on attorney's fees for delay in payment, against each such Defendant;

(v)    A trial by jury on all issues so triable; and

(vi)   Such other and further relief that this Court may deem just, proper and appropriate against each Defendant.

## COUNT V
## State Law - Infliction of Emotional Distress

58.    Defendant Armistad negligently and/or wantonly inflicted emotional distress upon the minor Plaintiff when he perpetrated sexual acts on him while he was incarcerated at the Montgomery County Juvenile Detention Facility.

WHEREFORE, Plaintiff Joyel Burrowes, as mother and next friend of M.B., prays this Court grant the following relief against Defendant:

(i)    Judgment for compensatory damages against each Defendant;

(ii)    Judgment for punitive damages against each Defendant;

(iii)    Judgment for attorneys' fees pursuant to 42 U.S.C. § 1988, together with the costs and expenses of this civil rights action, against each Defendant;

(iv)    Judgment for pre-judgment interest on all economic losses and on attorney's fees for delay in payment, against each such Defendant;

(v)    A trial by jury on all issues so triable; and

(vi)    Such other and further relief that this Court may deem just, proper and appropriate against each Defendant.

### COUNT VI
### State Law - Invasion of Privacy

58.    Defendant Armistad did negligently and/or wantonly invade the minor Plaintiff's privacy when he perpetrated sexual acts on him while he was incarcerated at the Montgomery County Juvenile Detention Facility.

WHEREFORE, Plaintiff Joyel Burrowes, as mother and next friend of M.B., prays this Court grant the following relief against Defendant:

    (i)    Judgment for compensatory damages against each Defendant;

    (ii)    Judgment for punitive damages against each Defendant;

    (iii)    Judgment for pre-judgment interest on all economic losses and on attorney's fees for delay in payment, against each such Defendant;

    (iv)    A trial by jury on all issues so triable; and

    (v)    Such other and further relief that this Court may deem just, proper and appropriate against each Defendant.

## COUNT VII
## State Law - Assault and Battery

59.    Defendant Armistad did negligently and/or wantonly commit assault and battery upon the Plaintiff when he perpetrated sexual acts on him while he was incarcerated at the Montgomery County Juvenile Detention Facility.

WHEREFORE, Plaintiff Joyel Burrowes, as mother and next friend of M.B., prays this Court grant the following relief against Defendant:

    (i)    Judgment for compensatory damages against each Defendant;

    (ii)    Judgment for punitive damages against each Defendant;

    (iii)    Judgment for pre-judgment interest on all economic losses and on attorney's fees for delay in payment, against each such Defendant;

(iv)   A trial by jury on all issues so triable; and

(v)    Such other and further relief that this Court may deem just, proper and appropriate against each Defendant.

## COUNT VIII
### State Law - False Imprisonment

60.    Defendant Armistad did negligently and/or wantonly falsely imprison the Plaintiff when he perpetrated sexual acts on him while he was incarcerated at the Montgomery County Juvenile Detention Facility.

WHEREFORE, Plaintiff Joyel Burrowes, as mother and next friend of M.B., prays this Court grant the following relief against Defendant:

(i)    Judgment for compensatory damages against each Defendant;

(ii)   Judgment for punitive damages against each Defendant;

(iii)  Judgment for pre-judgment interest on all economic losses and on attorney's fees for delay in payment, against each such Defendant;

(iv)   A trial by jury on all issues so triable; and

(v)    Such other and further relief that this Court may deem just, proper and appropriate against each Defendant.

## COUNT IX
### State Law - Negligence

61.    Defendant Armistad did act negligently when he perpetrated sexual acts on the Plaintiff while he was incarcerated at the Montgomery County Juvenile

Detention Facility.

WHEREFORE, Plaintiff Joyel Burrowes, as mother and next friend of M.B., prays this Court grant the following relief against Defendant:

(i)    Judgment for compensatory damages against each Defendant;

(ii)    Judgment for punitive damages against each Defendant;

(iii)    Judgment for pre-judgment interest on all economic losses and on attorney's fees for delay in payment, against each such Defendant;

(iv)    A trial by jury on all issues so triable; and

(v)    Such other and further relief that this Court may deem just, proper and appropriate against each Defendant.

## COUNT X
## State Law - Outrage

62.    Defendant Armistad committed the tort of outrage when he perpetrated sexual acts on the while he was incarcerated at the Montgomery County Juvenile Detention Facility.

63.    The act of sexual abuse on a minor is utterly reprehensible and cannot be tolerated in a civilized society.

WHEREFORE, Plaintiff Joyel Burrowes, as mother and next friend of M.B., prays this Court grant the following relief against Defendant:

(i)      Judgment for compensatory damages against each Defendant;

(ii)     Judgment for punitive damages against each Defendant;

(iii)    Judgment for pre-judgment interest on all economic losses and on attorney's fees for delay in payment, against each such Defendant;

(iv)    A trial by jury on all issues so triable; and

(v)     Such other and further relief that this Court may deem just, proper and appropriate against each Defendant.

## COUNT XI
## State Law - Breach of Fiduciary Duty

64.     At all times relevant to the acts of sexual abuse against M.B., Defendant Armistad was employed with the Montgomery County Juvenile Detention Facility as a detention officer and had a position of authority and power over M.B. as a result of his employment.

65.     At all times relevant to the acts of sexual abuse against M.B., LaBradford Jamell Armistad was acting as a detention officer assigned to watch over the minor Plaintiff. As such, a fiduciary duty existed between Armistad and M.B.

66.     LaBradford Jamell Armistad breached his fiduciary duty by sexually abusing M.B. while he was incarcerated at the Montgomery County Juvenile Detention Facility.

WHEREFORE, Plaintiff Joyel Burrowes, as mother and next friend of M.B., prays this Court grant the following relief against Defendant:

(i)     Judgment for compensatory damages against each Defendant;

(ii)    Judgment for punitive damages against each Defendant;

(iii)   Judgment for pre-judgment interest on all economic losses and on attorney's fees for delay in payment, against each such Defendant;

(iv)   A trial by jury on all issues so triable; and

(v)    Such other and further relief that this Court may deem just, proper and appropriate against each Defendant.

## COUNT XII
### State Law - R*espondeat* S*uperior* and/or Agency

67.    At all times relevant to the acts of sexual abuse against M.B., Defendant Armistad was employed with the Montgomery County Juvenile Detention Facility as a detention officer and had a position of authority and power over M.B. as a result of his employment.

68.    At all times relevant to the acts of sexual abuse against M.B., LaBradford Jamell Armistad perpetrated the sexual abuse at the physical location of the Montgomery County Juvenile Detention Facility.

69.    LaBradford Jamell Armistad's conduct and contact with M.B. leading up to the sexual abuse fell within his scope of employment with the

Montgomery County Juvenile Detention Facility. As such, the sexual abuse was an outgrowth and was engendered by his employment with the Montgomery County Juvenile Detention Facility.

70.    The significant job-created authority possessed by LaBradford Jamell Armistad enabled him to sexually abuse M.B., in the care of the Montgomery County Juvenile Detention Facility.

71.    The sexual abuse of M.B. by LaBradford Jamell Armistad would not have occurred but for Armistad's employment by Defendant the Montgomery County Juvenile Detention Facility, the Montgomery County Commission, the Alabama Department of Youth Services and Holmes.

72.    Defendants knew or should have known the LaBradford Jamell Armistad posed a serious threat to the minors entrusted in their care.

73.    For the reasons stated above, Defendants, the Montgomery County Juvenile Detention Facility, the Montgomery County Commission, the Alabama Department of Youth Services and Holmes are liable under the theory of *respondeat superior* and/or agency for the infliction of emotional distress, invasion of privacy, assault and battery, false imprisonment, negligence, outrage and breach of fiduciary duty  committed by LaBradford Jamell Armistad.

WHEREFORE, Plaintiff Joyel Burrowes, as mother and next friend of M.B.,

29

prays this Court grant the following relief against Defendant:

(i)    Judgment for compensatory damages against each Defendant;

(ii)    Judgment for punitive damages against each Defendant;

(iii)    Judgment for pre-judgment interest on all economic losses and on attorney's fees for delay in payment, against each such Defendant;

(iv)    A trial by jury on all issues so triable; and

(v)    Such other and further relief that this Court may deem just, proper and appropriate against each Defendant.

## COUNT XIII
### State Law - Failure to Supervise, Train and Hire

74.    Defendant the Montgomery County Juvenile Detention Facility negligently and/or wantonly failed to supervise, train and hire its employees, including but not limited to LaBradford Jamell Armistad.

75.    Defendants failed to provide oversight, monitoring, and/or supervision for Defendant Armistad, the employee entrusted as a detention officer to oversee minor children, including M.B.

76.    Defendants negligently and/or wantonly failed to repair certain critical security infrastructure including, but not limited to, faulty jail cells doors and faulty jail cell monitoring systems.  The Defendants also failed to enforce its own policy prohibiting detention officers from entering the jail cells of incarcerated

juvenile detainees late at night. The Defendants failed to keep detention officers from bringing into the facility date rape drugs, street drugs or other contraband.

WHEREFORE, Plaintiff Joyel Burrowes, as mother and next friend of M.B., prays this Court grant the following relief against Defendant:

(i)     Judgment for compensatory damages against each Defendant;

(ii)    Judgment for punitive damages against each Defendant;

(iii)   Judgment for pre-judgment interest on all economic losses and on attorney's fees for delay in payment, against each such Defendant;

(iv)   A trial by jury on all issues so triable; and

(v)    Such other and further relief that this Court may deem just, proper and appropriate against each Defendant.

**<u>PLAINTIFF HEREBY DEMANDS A TRIAL BY STRUCK JURY</u>**


<u>/s/ *Brandy L. Robertson*</u>
ERIK S. HENINGER (ASB-1189-k46h)
BRANDY L. ROBERTSON (ASB-2737-d65r)
Attorneys for Plaintiff

*Of Counsel:*

HENINGER GARRISON DAVIS, LLC
2224 1ST Avenue North
Post Office Box 11310 (35202)
Birmingham, Alabama 35203
205.326.3336 (phone)
205.326.3332 (facsimile)
erik@hgdlawfirm.com
brandy@hgdlawfirm.com


## **DEFENDANTS TO BE SERVED VIA CERTIFIED MAIL:**

Alabama Department of Youth Services
1000 Industrial School Road
Montgomery, Alabama 36117

Montgomery County Juvenile Detention Facility
1111 Airbase Road
Montgomery, Alabama 36108

Montgomery County Commission
P.O. Box 1667
Montgomery, Alabama 36102

LaBradford Jamell Armistad
115 South Perry Street
Montgomery, Alabama 36103

Scott Holmes
Montgomery County Sheriff's Office
115 South Perry Street
Montgomery, Alabama 36104